## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOE JOHNSON, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-04-1655-F |
| | ) | |
| RON WARD, | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2241, Petitioner, Joe Johnson, Jr., challenges the validity of a prison disciplinary conviction and seeks habeas relief. Petitioner claims the disciplinary conviction was obtained in violation of his due process rights. Respondent has not addressed the merits of the Petition, instead contending the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(D) and moving for dismissal of the Petition [Doc. ##9-10]. Petitioner has responded to the motion [Doc. #14], and the matter is now at issue. For the reasons set forth below, it is recommended that Respondent's Motion be granted and the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(D).

**Relevant Facts**

On December 9, 2002, Petitioner was convicted in a prison disciplinary proceeding on charges of possession of contraband. *See* Disciplinary Hearing Actions, attached as part of Exhibit 1 to Brief in Support of Motion to Dismiss as Time Barred Petition [Doc. #10]. As punishment, Petitioner lost 365 days of earned credits, 45 days of commissary privileges, and was placed in disciplinary segregation for thirty days. *See id.* Petitioner pursued

administrative appeals of the disciplinary conviction. Upon final review by the Director's Designee, Melinda Guilfoyle, the conviction was affirmed on February 20, 2003. *See* Response from Director or Designee, attached as part of Exhibit 3 to Respondent's Brief.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Pursuant to § 2244(d), that period runs from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The timeliness of Petitioner's claims, as Respondent contends, is governed by § 2244(d)(1)(D). At the latest, therefore, the one-year limitations period began to run on February 20, 2003, the date the administrative appeal was denied by the Director's Designee.

The one-year limitation period expired, therefore, on February 20, 2004.[1]  *See* 28 U.S.C. § 2244(d); *see also United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). Therefore, the instant Petition, filed on December 6, 2004, is untimely absent statutory or equitable tolling.

### **Statutory Tolling**

The AEDPA includes a tolling provision, 28 U.S.C. § 2244(d)(2), which provides that the one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief or other collateral review with respect to the claim is pending. *Burger*, 317 F.3d at 1139.  *See also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-conviction remedies).  Petitioner does not allege that he sought any relief in state court collateral proceedings prior to filing the instant action.  Therefore, statutory tolling is not relevant to this case.

---

[1] In his Affidavit attached to the Petition, Petitioner states that on March 24, 2003, "Director Designee Melinda Guilfoyle, did not liberally construe my Request for Rehearing and Issue of Partiality created by Lieutenant Plume's Direct Involvement in and through the Inmate Leonard Jackson Disciplinary 'process.'"  Plaintiff has not included a copy of this document, and it is not clear that the response was part of the administrative appeal process for Petitioner.  Nevertheless, the outcome would be the same even if March 24, 2003, were considered the date upon which the limitation period began to run.  The Petition was filed on December 6, 2004, almost nine months after the limitation period would have run if this March 24, 2003, were used as the date of the triggering event.

**Equitable Tolling**

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d at 1141 (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. Equitable tolling is, however, "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Using the most liberal date for calculation of the limitations period, Petitioner did not file the instant action until almost nine months after the limitations period expired. *See supra* fn. 1.

Petitioner's Response to Respondent's motion to dismiss states only that, as a litigant proceeding *pro se*, his "pleadings should be held to less stringent standards than formal pleadings drafted by attorneys of the Bar." Response at 1. It is well-established, however, that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh*, 223 F.3d at 1220 (*quoting Fisher v. Johnson* 174 F.3d 710, 714 (5th Cir. 1999)). Petitioner has failed to demonstrate any extraordinary circumstances beyond his control that prevented him from timely filing his Petition, and the record presented does not reflect any such extraordinary circumstances. Moreover, Petitioner's

claims do not include allegations of actual innocence. Rather, Petitioner's due process claim is based on the alleged bias of prison officials involved in the disciplinary process. *See* Petition at 2. Petitioner is not entitled to equitable tolling, *see Marsh*, 223 F.3d at 1220, and the Petition should be denied as time-barred.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #9] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by June __14th__, 2005. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral [Doc. #4].

ENTERED this __25th__ day of May, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE